LAW OFFICES OF JOHN L. BURRIS
JOHN L. BURRIS, ESQ. (SBN# 69888)
7767 Oakport St., Suite 1120
Oakland, Ca. 94621
Email: John.Burris@johnburrislaw.com
Phone: (510) 839-5200

LAW OFFICES OF STEVEN R. YOURKE
STEVEN R. YOURKE, ESQ. (SBN#118506)
7767 Oakport St., Suite 1120
Oakland, Ca. 94621
Email: Steven.Yourke@johnburrislaw.com
Phone: (510) 839-5200

Attorneys for Plaintiff
DEREK BOBO

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEREK BOBO,<br><br>    Plaintiff,<br><br>Vs.<br><br>CITY OF STOCKTON, a Municipal Corporation; BLAIR ULRING, in his official capacity as Assistant Police Chief of the Stockton Police Department; JON SCOFIELD, JAMES NANCE, SHAWN MORIN, MATTHEW BLUM, MICHAEL PRAG, BRADLEY BURRELL, RICHARD BUCKLEY, WILLIAM HUTTO, JAMES RIDENOUR, individually and in their Official capacity as police officers, and Does 1 through 20,<br><br>    Defendants.<br>_____/ | CASE NO.:<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS<br>(42 U.S.C. Section 1983)<br><br>**JURY TRIAL DEMANDED** |

1

## INTRODUCTION

1. This action arises from Plaintiff's brutal and arbitrary arrest by Stockton police on January 10, 2009.

## JURISDICTION

2. Plaintiff sues for violation of civil rights pursuant to 42 U.S.C. section 1983. This court has jurisdiction over this action pursuant to 28 U.S.C. 1331.

3. The police assault which is the subject of this action occurred in Stockton, California and therefore the proper venue for this action is the Eastern District of California in Sacramento.

## DEMAND FOR JURY TRIAL

4. Plaintiff demands a jury trial.

## IDENTIFICATION OF PARTIES

5. Plaintiff is a 32 year old African American man who resides in Stockton, California.

6. Defendant CITY OF STOCKTON is a municipal corporation under the laws of the State of California.

7. Defendants JON SCOFIELD, JAMES NANCE, SHAWN MORIN, MATTHEW BLUM, MICHAEL PRAG, BRADLEY BURRELL, RICHARD BUCKLEY, WILLIAM HUTTO and JAMES RIDENOUR are and were at all relevant times police officers employed by the CITY OF STOCKTON. Said defendants and each of them committed the acts complained of herein while acting within the course and scope of their duties as police officers and they are all sued in both their official and individual capacities.

8. Defendant BLAIR ULRING was at all relevant times the Assistant Chief of Police for the CITY OF STOCKTON. He was been the highest ranking member of the Stockton Police

Department for nearly a year because the Stockton Police Department has been without a Chief of Police since about March of 2008. He is sued in his official capacity.

9. Plaintiff does not know the true identities of those defendants sued herein as Does 1 through 20 and therefore sues such defendants by such fictitious names. Plaintiffs are informed and believe and thereon allege that each defendant so names is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiffs shall amend this complaint to substitute the true names and capacities of Does 1 through 10 when he has ascertained them.

10. At all relevant times, Does 1 through 10, inclusive, were police officers employed by defendant CITY OF STOCKTON, acting within the course and scope of their employment by defendant CITY OF STOCKTON and they were all directly involved in the detention, arrest, assault and battery of Plaintiff. DOES 11 through 20, inclusive, are defendant police officers employed by defendant CITY OF STOCKTON, acting within the course and scope of their employment, and were each of them employed in a supervisory capacity by defendant CITY OF STOCKTON and were responsible in some manner for properly hiring, retaining, supervising, disciplining, and training defendant police officers employed by CITY OF STOCKTON.

## COLOR OF LAW

11. All defendants acted under color of law in committing the acts complained of herein.

## PUNITIVE DAMAGES

12. In committing the acts and omissions complained of herein, all individual Defendants acted with malice and oppression and with deliberate and reckless disregard for Plaintiff's civil

3

rights and personal safety. Plaintiff is thus entitled to an award of punitive damages against each of them.

## STATEMENT OF FACTS

13. Plaintiff is informed and believes and thereupon alleges as follows: on January 10, 2009 at around 10:00 p.m., Plaintiff was peaceably walking along Ninth Street in Stockton when police drove by in a patrol car (K-9 Unit) and ordered him to stop. Plaintiff, who had done nothing wrong, correctly assumed that he was being harassed by the police and so he failed to comply with their order. Upon observing Plaintiff ignoring their order to halt, the police loosed their dogs on him. In order to avoid being mauled by the dogs, Plaintiff ran, jumped over a fence and continued running through nearby yards. He climbed onto a large boat that was on a trailer parked in a residential driveway. While standing on the boat, which was about ten feet off the ground, he attempted to climb onto the roof of the adjacent house. Meanwhile, the police and their dogs had pursued Plaintiff and they caught up with him just as he was trying to climb onto the roof from the boat. The police shot Plaintiff with a taser, grabbed him and took him to the ground with great force. Plaintiff landed on his head, fractured two vertebrae in his neck, and was paralyzed instantly – he could not move at all. The police shot Plaintiff with tasers repeatedly and attacked him with their dogs even as he lay on the ground screaming that he could not move! Then, the police handcuffed Plaintiff, lifted him up from under the arms and dragged him from the side of the house where he had fallen to the middle of the front yard, a distance of around forty feet. Finally, the police called an ambulance and Plaintiff was transported to a local hospital where he was designated "quadriplegic". Plaintiff underwent a spinal fusion of the vertebrae at C-4, C-5 and a tracheotomy as well. Plaintiff has been in the hospital ever since the arrest. While he has regained some sensation in his limbs,

he remains completely paralyzed on the right side of his body. He cannot stand or walk and he cannot use his right hand which happens to be his primary hand. Only time will tell whether and to what extent Plaintiff will recover from his injuries.

### FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### Arrest Without Warrant or Probable Cause

14. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 13, above.

15. In committing the acts complained of herein, Defendants and each of them violated Plaintiff's right to be free from unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

16. The arrest proximately caused Plaintiff to suffer injury as set forth below.

WHEREFORE Plaintiff sues for relief as set forth below.

### SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### Use of Unreasonable Force by Police

17. Plaintiff hereby incorporates by reference as if fully set forth herein all allegations contained in paragraphs 1 through 16, above.

18. Defendant police officers and each of them used unreasonable force in arresting Plaintiff, thus violating his right to be free from unreasonable seizure protected by the Fourth and Fourteenth Amendments to the United States Constitution.

19. The use of unreasonable force by Defendants proximately caused injury to Plaintiff as set forth below.

WHEREFORE, Plaintiff sues for relief as set forth below.

//

### THIRD CAUSE OF ACTION
### 42 U.S.C. Section 1983
### (Failure to Adequately Train, Supervise and Discipline Officers)

20. Plaintiff incorporates by reference as if fully set forth below all allegations set forth in paragraphs 1 through 19, above.

21. At all relevant times, the CITY OF STOCKTON and Assistant Police Chief ULRING had a legal duty to members of the public, including Plaintiff, to adequately train Stockton police in the use of force, and specifically in the proper use of police dogs and tasers.

22. Said defendants also had a legal duty to adequately supervise and discipline their officers.

23. Said defendants were deliberately indifferent to their duties to properly train, supervise and discipline Stockton police officers.

24. Such deliberate indifference proximately caused the violation of Plaintiff's Fourth and Fourteenth Amendment rights complained of herein.

WHEREFORE Plaintiff sues for relief as set forth below:

### STATEMENT OF DAMAGES

25. Plaintiff has suffered extremely serious personal injuries including but not necessarily limited to the following: two fractured vertebrae which required Plaintiff to undergo a spinal fusion and which has resulted in the paralysis of the right side of his body. Plaintiff has been confined to a hospital bed ever since the arrest and whether he will ever walk again as yet remains uncertain. At the very least, he will have to undergo a lengthy and difficult period of rehabilitation. To what extent Plaintiff may recover from his injuries cannot yet be determined.

26. Plaintiff has suffered intense pain and extreme emotional distress from having been tasered repeatedly and attacked by police dogs. His body is scarred in several places from the wounds

6

inflicted by the tasers and the dogs. He has suffered from repeated nightmares since the arrest and may be suffering from post-traumatic stress disorder. Plaintiff lives every day now with the terrible possibility that he may never walk again or regain the use of his right hand. Confined to a hospital bed, Plaintiff wrestles with despair and doubts about the future. In addition to all these catastrophic injuries, Plaintiff has also incurred various expenses relating to the arrest, such as ambulance services and medical treatment. Plaintiff has also suffered loss of earnings and loss of earning capacity as well as a very significant loss of enjoyment of life.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff sues for relief as follows:

1. Compensatory damages in the amount of $40,000,000.00.

2. Special damages according to proof at trial.

3. Punitive damages according to proof at trial.

4. All other relief to which Plaintiff may be legally entitled.

Dated: March 9, 2009                                LAW OFFICES OF JOHN L. BURRIS

                                                    _____
                                                    John L. Burris, Esq.
                                                    Attorney for Plaintiff
                                                    DERRICK BOBO