UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DEREK BOBO, | NO. CIV. 2:09-753 WBS KJN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION FOR SUMMARY JUDGMENT |
| CITY OF STOCKTON, a municipal corporation; BLAIR ULRING, in his official capacity as Assistant Police Chief of the Stockton Police Department; JON SCOFIELD, individually and in his official capacity as police officer for the City of Stockton; JAMES NANCE, individually and in his capacity as a police officer for the City of Stockton; SHAWN MORIN, in his official capacity as a police officer for the City of Stockton; MATTHEW BLUM, individually and in his official capacity as a police officer for the City of Stockton; MICHAEL PRAG, individually and in his official capacity as a police officer for the City of Stockton; BRADLEY BURRELL, individually and in his official capacity as a police officer for the City of | |

1

Stockton; RICHARD BUCKLEY, individually and in his official capacity as a police officer for the City of Stockton; WILLIAM HUTTO, individually and in his official capacity as a police officer for the City of Stockton; and JAMES RIDENOUR, individually and in his official capacity as a police officer for the City of Stockton,

        Defendants.
_____/

----oo0oo----

Plaintiff Derek Bobo filed this civil rights action under 42 U.S.C. § 1983 after he was tased by police while attempting to climb onto the roof of a house and rendered a quadriplegic as a result. Presently before the court are defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) and motion for summary judgment pursuant to Rule 56.

I.   Factual and Procedural Background

On January 10, 2009, plaintiff was walking along Ninth Street in Stockton, California when he was noticed by a police K-9 unit patrol car. (Compl. ¶ 13.) Plaintiff was on probation for a drug-related offense and recently had a warrant issued for his arrest for failure to appear in court as per the terms of his probation. (Shelley Mot. Summary J. Decl. Ex. C. ("Morin Depo.") at 14-17.) The officers allegedly recognized plaintiff because of his outstanding warrant and ordered him to stop. Plaintiff did not comply with the officers' order and ran from them.

2

1  (Compl. ¶ 13.)
2           Once plaintiff began to run, the officers released
3  their police dog to pursue him.  (Id.)  To allegedly avoid being
4  bitten by the police dog, plaintiff jumped over a fence, and
5  continued running through the backyards of nearby homes.  (Id.)
6  Plaintiff eventually climbed onto a large boat on a trailer
7  parked in a residential driveway in an effort to climb onto the
8  roof of the adjacent house.  (Id.)
9           The officers and police dog caught up with plaintiff as
10 he was standing on the railing of the boat.  (Id.)  The officers
11 then allegedly shot plaintiff with a taser, grabbed him, and took
12 him to the ground with great force.  (Id.)  Plaintiff fell from
13 the railing of the boat and landed on his head, fracturing two
14 vertebrae and suffering paralysis.  (Id.)  Police officers
15 allegedly continued to shoot plaintiff with their tasers
16 repeatedly and sicced their police dog on him as plaintiff
17 screamed that he could not move.  (Id.)  The officers then
18 handcuffed plaintiff, lifted him from under the arms, and dragged
19 him approximately forty feet to the center of the private
20 residence's front yard.  (Id.)  Plaintiff was transported to a
21 local hospital where he was designated a quadriplegic and
22 underwent a spinal infusion and tracheotomy.  (Id.)  Plaintiff
23 allegedly cannot stand or walk and remains completely paralyzed
24 on the right side of his body.  (Id.)
25          On March 18, 2009, plaintiff filed this action alleging
26 violation of his Fourth Amendment right to be free from arrest
27 without probable cause, violation of his Fourth Amendment right
28 to be free from the use of excessive force, and failure to

3

adequately train, supervise, and discipline police officers on the proper use of force, all pursuant to 42 U.S.C. § 1983. (Docket No. 1.)  Discovery closed in this matter on May 17, 2010. Currently before the court are defendants' motion for judgment on the pleadings on plaintiff's excessive force claim and motion for summary judgment on plaintiff's arrest without probable cause and supervisory liability claims.

II.  Discussion

    A.  Judgment on the Pleadings

Defendants Scofield, Nance, Morin, Blum, Prag, Burrell, Buckely, Hutto, and Ridenour (the "officer defendants") move for judgment on the pleadings on plaintiff's second § 1983 claim for use of excessive force in violation of the Fourth Amendment. Judgment on the pleadings is appropriate after the pleadings have closed when, on the face of those pleadings, accepting the allegations of the non-moving party as true, no material issue of fact remains to be resolved.  See Fed. R. Civ. P. 12(c); Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).  Under such circumstances, the moving party can obtain judgment as a matter of law.  Hal Roach Studios, 896 F.2d at 1550.  "Generally, district courts have been unwilling to grant a Rule 12(c) dismissal 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'" Doleman v. Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984) (quoting 5A C. Wright & A. Miller, *Federal Practice and Procedure: Civil*, § 1368 at 690 (1969)).

On a motion for judgment on the pleadings, the factual

4

allegations of the non-moving party are taken as true. Doleman, 727 F.2d at 1482 (citing Austad v. United States, 386 F.2d 147, 149 (9th Cir. 1967)). A Rule 12(c) motion is therefore essentially equivalent to a Rule 12(b)(6) motion to dismiss and consequently, a district court may "dispos[e] of the motion by dismissal rather than judgment."[1] Sprint Telephony PCS, L.P. v. County of San Diego, 311 F. Supp. 2d 898, 902-03 (S.D. Cal. 2004). "[D]ismissal can be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Sprint Telephony, 311 F. Supp. 2d at 902-03; see also Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

### 1. Sufficiency of the Pleadings

In relevant part, § 1983 provides,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress . . . .

While § 1983 is not itself a source of substantive rights, it

---

[1] The motions differ in only two respects:

(1) the timing (a motion for judgment on the pleadings is usually brought after an answer has been filed, whereas a motion to dismiss is typically brought before an answer is filed) . . . and (2) the party bringing the motion (a motion to dismiss may be brought only by the party against whom the claim for relief is made, usually the defendant, whereas a motion for judgment on the pleadings may be brought by any party).

Sprint Telephony PCS, L.P. v. County of San Diego, 311 F. Supp. 2d 898, 902-03 (S.D. Cal. 2004).

provides a cause of action against any person who, under color of state law, deprives an individual of federal constitutional rights or limited federal statutory rights.  42 U.S.C. § 1983; Graham v. Connor, 490 U.S. 386, 393-94 (1989).

"In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation . . . ." Jones v. Williams,  297 F.3d 930, 934 (9th Cir. 2002) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980)).  As a result, an officer cannot be held liable because of his membership in a group that commits a constitutional violation "without a showing of individual participation in the unlawful conduct."  Jones, 297 F.3d at 935 (citing Chulman v. Wright, 76 F.3d 292, 294 (9th Cir. 1996)). The officer defendants argue that the Complaint's excessive force claim is insufficiently plead because it does not indicate how each officer participated in the alleged conduct and instead lumps all officers together.

Plaintiff concedes that his excessive force claim is inadequately pled, but argues he can easily amend the Complaint to allege how each officer participated in the force used against him.  A court may grant leave to amend in response to a Rule 12(c) motion if the pleadings can be cured by further factual enhancement.  See Sprint Telephony PCS, 311 F. Supp. 2d at 903 ("Because the two motions are analyzed under the same standard, a court considering a motion for judgment on the pleadings may give leave to amend and 'may dismiss causes of action rather than

6

1 grant judgment.'"); accord Lonberg v. City of Riverside, 300 F.
2 Supp. 2d 942, 945 (C.D. Cal. 2004); see also Bly-Magee v.
3 California, 236 F.3d 1014, 1019 (9th Cir. 2001) ("We consistently
4 have held that leave to amend should be granted unless the
5 district court 'determines that the pleading could not possibly
6 be cured by the allegation of other facts.'").[2]

7    Defendants' motion, filed after the close of discovery
8 on date of the dispositive motion deadline, is defendants' first
9 attempt to challenge the pleadings.  At this stage of the
10 proceedings, when parties should be challenging the sufficiency
11 of the evidence rather than the sufficiency of the pleadings,
12 denying plaintiff an opportunity to amend the Complaint would be
13 unjust.  In his Opposition, plaintiff outlined the precise facts
14 he plans to add to the Complaint to cure the alleged defects
15 identified by the officer defendants.  (See Pl.'s Opp'n at 5:14-
16 6:25.)  Any prejudice to defendants is minimal given that
17 plaintiff's decision to depose each of the officer defendants
18 likely put them on notice of the precise unlawful conduct
19 plaintiff alleges each engaged in.  Because plaintiff's proposed
20 amendments appear to cure the alleged defects in the Complaint
21 such that amendment would not be futile, the court will grant
22 plaintiff leave to amend his excessive force claim to allege each
23 named officer defendant's involvement in the force used against

---

[2] Despite the fact that defendants delayed in attacking the pleadings until almost a year and four months after the filing of the Complaint, defendants make the untenable argument that the court should grant their motion to dismiss with prejudice because plaintiff has delayed in seeking leave to amend until now.

7

him.[3]

### 2. Qualified Immunity

The officer defendants also contend that plaintiff's excessive force claim fails because they are entitled to qualified immunity. The doctrine of qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)) (internal quotations omitted).

To determine whether an official is entitled to qualified immunity, a court may begin with the question of whether, "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Saucier v. Katz, 533 U.S. 194, 201 (2001) (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)) rev'd Pearson, 129 S. Ct. 808 (2009) (holding that the Saucier two-step procedure for determining qualified immunity in which the court must first determine whether there is a constitutional violation is not mandatory). Assuming there is a constitutional violation, the second question the court must ask is whether the officer's conduct violated a clearly established

---

[3] In their Reply, defendants note that several of plaintiff's proposed amendments allege facts relate to an Officer Kwan, who is not named as a defendant in this action. If plaintiff wishes to add new defendants he must do so by way of a motion for leave to amend. The court will allow plaintiff to amend the Complaint only insofar as it relates to the liability of the named defendants.

right.  Id.  Finally, if the right is clearly established, the court should then determine whether a reasonable officer would know that his conduct violated the clearly established right. See Anderson v. Creighton, 483 U.S. 635, 640 (1987).  If the court finds the constitutional right was clearly established such that a reasonable officer would be aware that his or her conduct was unconstitutional, then the officer is not entitled to qualified immunity.  Pearson, 129 S. Ct. at 816.

        The court is presently unable to say whether any or all of the officer defendants are entitled to qualified immunity. Since the court will grant plaintiff leave to amend the Complaint to allege the precise conduct of each officer, the court will only be able to determine whether each officer should be granted qualified immunity on the pleadings after plaintiff's amendments. It is entirely possible that some officers may be entitled to qualified immunity based on the individual conduct that will be alleged in plaintiff's amended complaint, while others may not. Accordingly, the court cannot grant the officer defendants qualified immunity at this time, and must reserve judgment until plaintiff has an opportunity to amend the pleadings.

      B.   Summary Judgment

        Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also id. R. 56(a) ("A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.").  A material fact

9

1 is one that could affect the outcome of the suit, and a genuine
2 issue is one that could permit a reasonable jury to enter a
3 verdict in the non-moving party's favor. Scott v. Harris, 550
4 U.S. 372, 380 (2007); Anderson v. Liberty Lobby, Inc., 477 U.S.
5 242, 248 (1986).

6       Defendants move for summary judgment on plaintiff's
7 first claim for violation of plaintiff's Fourth Amendment right
8 to be free from arrest absent probable cause and third claim
9 against the City of Stockton for failure to adequately train,
10 supervise, and discipline police officers in the proper use of
11 force. Plaintiff does not oppose defendants' summary judgment
12 motion as to these claims, and accordingly the court will grant
13 defendants' motion for summary judgment.

14       IT IS THEREFORE ORDERED that plaintiff's complaint be,
15 and the same hereby is, DISMISSED WITHOUT PREJUDICE.

16       IT IS FURTHER ORDERED that defendants' motion for
17 summary judgment on plaintiff's first claim for violation of
18 plaintiff's Fourth Amendment rights to be free from arrest absent
19 probable cause and third claim for failure to train, supervise,
20 and discipline pursuant to 42 U.S.C. § 1983 be, and the same
21 hereby is, GRANTED.

22       Plaintiff has ten days from the date of this Order to
23 file an Amended Complaint detailing the participation of each of
24 the named defendants in the acts alleged in his excessive force
25 claim, if he can do so consistent with this Order.
26 ///
27 ///
28 ///

DATED:   August 31, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE