1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10                        ----oo0oo----

11

12   DEREK BOBO,                    NO. CIV. 2:09-0753 WBS KJN

13          Plaintiff,
                                    ORDER TO SHOW CAUSE
14       v.

15   JON SCOFIELD, SHAWN MORIN,
     BRADLEY BURRELL, RICHARD
16   BUCKLEY, individually and in
     their official capacity as
17   police officers, and Does 1
     through 20,
18
            Defendants.
19   _____/

20

21                        ----oo0oo----

22          Trial in this matter is set for April 12, 2011, at 9:00

23   a.m. in Courtroom No. 5.  In its Final Pretrial Order dated

24   October 5, 2010 (Docket No. 29), the court set several dates by

25   which the parties should file pretrial materials.  In particular,

26   the Order provided that: (1) the parties shall file a statement

27   designating answers to interrogatories and portions of

28   depositions intended to be offered or read into evidence no later

                                1

than twenty calendar days before the trial date (Final Pretrial Order at 8:6-11); (2) the parties shall submit proposed jury voir dire questions and trial briefs pursuant to Local Rule 285 (including any motions in limine) no later than fourteen days before the trial date (id. at 4:5-7, 9-11); (3) plaintiff shall lodge and serve copies of all requested jury instructions and a proposed form of verdict no later than ten court days before the trial date (id. at 2:26-3:3); and (4) the parties may file counter-designations of other portions of the depositions intended to be offered or read into evidence and may file evidentiary objections to another party's designation (id. at 8:11-15).

The dates for each of these requirements to be accomplished have passed, and the parties have failed to submit any of the required items or inform the court of any reason for their noncompliance.  A plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or a court order constitutes grounds for dismissal of an action.  Fed. R. Civ. P. 41(b); see also Paqtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).  The court will not summons a jury or expend the additional resources necessary to ready this matter for trial if plaintiff does not intend to try his case.

IT IS THEREFORE ORDERED that, within three days of the date of this Order, plaintiff shall file a brief showing cause why this action should not be dismissed for failure to prosecute. Plaintiff is admonished that failure to comply with this Order may result in dismissal of his First Amended Complaint with prejudice.

DATED:  April 4, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE